# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RAY CLINE, JR.,** | CASE NO. 3:23 CV 2295 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **KENTON CITY POLICE DEPT., et al.,** | **MEMORANDUM OPINION** |
| Defendants. | **AND ORDER** |

## INTRODUCTION

*Pro se* Plaintiff Ray Cline, Jr., an inmate currently incarcerated in the Richland Correctional Institution, filed this civil rights action against the Kenton City Police Department, Hardin County Sheriff's Department, Deputy Tron, Patrolman Mendez, and Sergeant Carey. (Doc. 1). Plaintiff has also filed an application to proceed *in forma pauperis*, (Docs. 2, 9), which the Court grants by separate Order. For the reasons stated below, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff's Complaint contains very few factual allegations. Plaintiff claims that on May 13, 2023, Sergeant Carey, Patrolman Mendez, Deputy Tron, and Hardin Memorial Hospital staff held Plaintiff down and forced him to give blood against his wishes and without a warrant. (Doc. 1). Plaintiff identifies two purported state court case numbers (CRI20232094 and CRA2300210) and claims that a judge ruled in Case No. CRA2300210 that the blood draw was a warrantless search and suppressed evidence obtained from the blood draw. *Id.* According to Plaintiff,

Defendants' actions in securing the blood draw caused additional charges to be brought against him, namely the charge of harassment with bodily fluids. Plaintiff alleges this conduct violated his Fourth Amendment rights. *Id.*

Plaintiff requests $5,000,000 in damages and the removal of the individual Defendants from their jobs. *See* Docs. 1, 5.

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal

conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

As an initial matter, Plaintiff cannot collaterally attack his criminal conviction in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck v. Humphrey*, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or sentence, or other harm caused by actions whose alleged unlawfulness would render the conviction or any part of the sentence invalid, a plaintiff must first show that the underlying conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87. A prisoner may therefore not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck*, 512 U.S. at 486-87. The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Wilson v. Kinkela*, 145 F.3d 1335 [published in full-text format at 1998 U.S. App. LEXIS 9341], 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).

Here, Plaintiff challenges Defendants' collection of his blood. He appears to claim that the collection was a warrantless search that resulted in the additional charge of harassment with bodily fluids. According to the Hardin County Court of Common Pleas docket, Plaintiff was convicted of one count of harassment with a bodily substance, among other charges, on August 28, 2023.

*See Ohio v. Ray Cline, Jr.*, No. CRI20232094 (Hardin Cnty. Ct. of Common Pleas). Therefore, if Plaintiff's claims have merit, it would necessarily imply the invalidity of his conviction in his criminal case. And there is no suggestion in his Complaint that his conviction has been set aside or his sentence has been invalidated in any of the ways articulated in *Heck*. Indeed, the Court's review of the Third District Court of Appeals docket reveals that Plaintiff's appeal of his conviction is still pending. *See Ohio v. Ray Cline, Jr.*, No. CA06-23-14 (Ohio Ct. App. 3d Dist.).

Plaintiff's Complaint therefore alleges no cognizable civil rights claim, and dismissal of his case is required on this ground alone. *Edwards*, 520 U.S. at 646; *Heck*, 512 U.S. at 486-87; *see also Clements v. Brimfield Twp.*, 2012 U.S. Dist. LEXIS 162598, at *28 (N.D. Ohio) (finding plaintiff's false arrest claims would call into question the validity of his conviction and was therefore barred by *Heck*).

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that this action be, and the same hereby is, DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                 s/ *James R. Knepp II*
                                                 UNITED STATES DISTRICT JUDGE